**HUNTINGTON NATL BANK v FULTON**

Ohio Appeals, 3rd Dist, Allen Co

No 647.   Decided Feb 13, 1935

Wheeler, Bentley, Neville & Corry, Lima, for plaintiff in error.

John L. Cable, Lima, for defendant in error.

## OPINION

By GUERNSEY, J.

Subsequent to the pronouncement of the decision in this case, the case of Ira J. Fulton, Superintendent of Banks v The Escanaba Paper Company, No 24692, (129 Oh St 90), and Ira J. Fulton, Superintendent of Banks v The University of Dayton et. No. 24734, were decided by the Supreme Court of Ohio, and in the third subdivision of the syllabus of these cases, the following rule was laid down:

"Before the depositor's claim for preference in the distribution of the assets of an insolvent bank may be allowed, he must be able to trace the fund to which he asserts title into the bank's assets at the time of closing. It is not necessary, however, that he follow in specie particular dollars deposited nor that he show that his deposits were converted into specific quantities of cash."

As the latter part of the rule stated in this subdivision of the syllabus is in conflict with the decision pronounced by this court in the instant case, the court sua sponte assigned the case for rehearing on the question as to whether the conflict was such as to require a modification of the decision of this court to conform to the rule of law set forth in the said subdivision of the syllabus.

On such rehearing we have carefully examined and considered the report of the Supreme Court cases supra, and upon such examination and consideration find the decision in the Escanaba Paper Company case is based solely on the fact that the Paper Company claimant did not retain the equitable title to the deposits and that consequently no trust for the benefit of the Paper Company was created in the deposits and the decision in the University of Dayton case, supra, is based solely on the fact that the trust funds in question were deposited in the commercial department of the bank in accordance with the provisions of §710-165, GC, before the amendment of 1931, and that such funds being so deposited, the University, under the rule pronounced in the case of McDonald, Admr. v Fulton, Superintendent of Banks, 125 Oh St 507, is not entitled to preference for such funds.

The rule with reference to the necessity for, and method of tracing trust funds in order to impress a trust on funds coming into the possession of the superintendent of banks upon his taking possession of a bank for the purpose of liquidation, is not involved in or necessary to the decision of these cases.

In the case of Williamson Heater Company v Radich, 128 Oh St 124, 190 NE 403, it was held:

"The syllabus of a decision of the Supreme Court of Ohio states the law of Ohio, but such pronouncement must be interpreted with reference to the facts upon which it is predicated and the questions presented to and considered by the court."

Applying this rule of interpretation to the decision in the Paper Company case and the University case, supra, it appears that as the question of the necessity for and method of tracing funds for the purpose of impressing a trust was not involved in the decision of the cases, the subdivision of the syllabus above referred to is wholly obiter and not binding upon this court in the instant case. As we are not constrained to follow the rule of law pronounced in such syllabi, we adhere to the decision heretofore rendered by us.

CROW, PJ, and KLINGER, J, concur.