**JAFFE, etc v
FIRST-CENTRAL TRUST CO et**

Ohio Appeals, 9th Dist, Summit Co

No 2780. Decided Feb 26, 1937

Beery, Underwood & Ryder, Akron, for appellees.

Herbert S. Duffy, Attorney General, Columbus, Leonard J. Breiding, Asst. Atty. Gen., Akron, and Fred E. Renkert, Special Counsel, Akron, for appellant.

Foust & Holden, Akron, Amici Curiae.

## OPINION

PER CURIAM

The action below was one for the recovery of losses sustained by the beneficiaries under a trust agreement between the defendant trust company's predecessors and one Samuel Jaffe, because of the maladministration of said trust, and the conversion of the assets of said trust by the defendant trust company.

In the trial court, a finding was had stating that the trust company had "converted the assets of said trust estate * * * in the sum of * * * $12,000," and that "by reason of the loss aforesaid to said trust estate, said trustee has a just and valid claim against the defendants the First-Central Trust Company, and S. H. Squire, superintendent of banks of the State of Ohio, in charge of the liquidation of said the First-Central Trust Company, in said sum of * * * $12,000, with interest from the date of the entry of this judgment."

The trial court ordered that said claim be impressed as a lien upon the fund deposited by the defendant trust company with the treasurer of state pursuant to §710-150 GC, and that interest be allowed upon said sum of $12,000, from the date of entry of the judgment, on a parity with all other similar valid liens which might theretofore have been impressed upon said fund or which might thereafter be impressed thereon.

The cause is before this court upon appeal on questions of law and fact.

By written stipulation of counsel, the sole questions presented to this court are whether or not interest should be allowed upon said claim for $12,000, and also upon a claim for restricted cash in the sum of $1,624.49.

Upon the authority of **Fulton, Supt. of Banks v Baker-Toledo Co., 128 Oh St 226; Huntington National Bank v Fulton, Supt. of Banks et, 49 Oh Ap 268 (17 Abs 711; 19 Abs 610); and Squire, Supt. of Banks v American Express Co., 131 Oh St 239,** at page 260, we hold that, as against general creditors, the appellees are not entitled to a lien upon said fund for interest upon said sum of $12,000 so found to have been converted; and the $1624.49 restricted cash item, although not impressed as a lien upon said fund by the order of the trial court, does not bear interest as against other general creditors.

A decree may be drawn in conformity to that prepared in the lower court, with the exception that interest shall not be allowed upon either of said claims.

STEVENS, PJ, WASHBURN and DOYLE, JJ, concur in judgment.