By the Court.
 

 The Court of Appeals held that the jury’s verdict was excessive with respect to the plaintiff’s claim for loss of consortium and also as to his claim for loss of his wife’s services.
 

 In discussing the former, the Court of Appeals fol
 
 *436
 
 lowed the reasoning of this court in the case of
 
 Smith
 
 v.
 
 Nicholas Bldg. Co.,
 
 93 Ohio St., 101, 112 N. E., 204, L. R. A. 1916E, 700, Ann. Cas. 1918D, 206, and held that, in an action predicated upon negligence, a husband is not permitted to recover for loss of the consortium of his wife. However, a careful study of the record in this case discloses that this question was in fact not before the Court of Appeals inasmuch as the trial court did not charge the jury that an allowance could be made for this item. On the contrary, the phrase “loss of services” appears eight times in the charge, • while the word “consortium” is not mentioned; and in one of his statements the trial court said, “In other words, the loss of services constitutes the gist of the action where the injury complained of is due to negligence. It is not injury associated with what has been designated the sentimental side of the marital relation and wholly unrelated to services that gives rise to the right of action. The damages are awarded not by way of solace to the husband for loss of affection, comfort, companionship and society incidental to the marital relation. ” It is to be presumed that the jury followed the trial court’s instructions and that nothing was allowed for loss of consortium.
 

 In discussing the plaintiff’s claim for loss of services the Court of Appeals correctly observed that according to the evidence certain of the wife’s customary duties were performed gratuitously by other members of the family, and that no recovery could be had therefor.
 
 Laskowski
 
 v.
 
 People’s Ice Co.,
 
 203 Mich., 186, 168 N. W., 940, 2 A. L. R., 586. Likewise the Court of Appeals was correct in its statement that the record is devoid of evidence as to the value of the lost services of the plaintiff’s wife. Reliance was placed upon the second paragraph of the syllabus in the case of
 
 Hanna
 
 v.
 
 Stoll,
 
 112 Ohio St., 344, 147 N. E., 339, in which this
 
 *437
 
 court said, “Where impairment of earning capacity is- pleaded as special damages, it is essential that evidence be adduced from which an estimate thereof may be made by the jury, and in the absence of any evidence upon the subject, it can not properly be submitted to the jury as an element of damages.” However, the plaintiff relies upon the pronouncement of this court in the case of
 
 Hossler, Exr.,
 
 v.
 
 Trump,
 
 62 Ohio St., 139, 56 N. E., 656, to the effect that “When, upon the trial of the general issue, in an action upon a
 
 quantum meruit
 
 for services of a domestic character, the plaintiff offers evidence showing the facts from which the promise to pay may properly be inferred, and also showing the nature and extent of the services rendered, the case should be submitted to. the jury although no witness expresses an opinion as to the value of the services.” This is still the law, but unfortunately the record contains no evidence whatsoever as to the extent of the services performed by the plaintiff’s wife. As observed by the Court of Appeals “there was the very general statement that she took care of the chickens, but the evidence is silent as to whether it was two or two hundred. There is nothing at all as to the age or kind or what amount of attention was given; the same is true as to the garden. The only statement in the evidence is she helped in the gardening, but no other details. She also helped with the milking. There is no evidence as to the number of cows or how many she milked. Under this state of the record the jury could do nothing more than guess.”
 

 It should be added that the plaintiff did offer proof showing damage to his automobile in the amount of $26.45 and necessary medical, hospital and nursing expense in the sum of $39. These items constitute the sum of $65.45 with which the Court of Appeals found no fault.
 

 
 *438
 
 Under the circumstances the Court of Appeals was correct in finding the general verdict excessive, and in remanding the cause for retrial.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.