288

(No. 110535—Decided April 24, 1967.)

Common Pleas Court of Stark County.

PUTMAN, J.   The plaintiff is a married woman who claims that her policeman-husband was seriously injured in the line of duty by the defendant negligently striking him with an automobile.

She alleges that "prior to receiving the foregoing injuries, plaintiff's husband was 29 years of age, a husband and father, and in sound physical condition.  As a result of the injuries to plaintiff's husband, he was and has been unable to perform many of the family duties as before.  Plaintiff says further that she has been deprived of the love, services, conjugal relations and consortium of her husband, all due to the negligence of the defendant and all to said plaintiff's loss and damage in the sum of twenty thousand dollars ($20,000.00)."

The defendant seeks to have the petition dismissed without trial, relying upon a long line of Ohio Supreme Court cases from 1915 to 1960, holding that a wife cannot recover for the loss of the consortium of her husband where such claim is based upon a negligent injury to her husband.  (*Smith* v. *Nicholas Building Co.* [1915], 93 Ohio St. 101; and *Corpman* v. *Boyer* [1960], 171 Ohio St. 233 at 241.)  "Consortium" includes the right to companionship of, services of, and sex relations with, one's spouse.

But under the Ohio law, husbands do have such a right to recover for loss of consortium of their wives, where their wives are negligently injured. The sole issue before the court is whether the wife has a right to a day in court upon her claim.

The plaintiff claims that the Ohio rule is superseded by *post* 1960 U. S. Supreme Court rulings which greatly expand the area in which state judges are bound by federal concepts of due process and equal protection of the laws. He points to one Ohio Common Pleas opinion so holding: *Clem* v. *Brown* (1965), 3 Ohio Misc. 167, 32 O. O. 2d 477.

Section 1 of the 14th Amendment to the United States Constitution, reads in part:

"* * * nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The sole question is whether the Ohio rule constitutes state action prohibited by the 14th Amendment.

This court holds that the scope of the due process of law clause, which is broad enough to shield the confessed killer, robber, and rapist, must also shelter the law-abiding.

Recent U. S. Supreme Court decisions greatly expand the area in which state judges are bound to follow federal concepts.

This is a fact familiar to school children.

One such case forbids discrimination that is so unjustifiable as to be violative of due process. *Schneider* v. *Rusk* (1964), 377 U. S. 163, 12 L. Ed. 2d 218.

The Ohio rule was founded upon the concept that a woman was not the social or civil equal of her husband and had no separate legal identity apart from him.

This distinction bears no relationship to fact, and today is not even recognized by legal fiction. It is the essence of arbitrary discrimination and the antithesis of equal protection.

Although no federal case has yet expressly struck down this particular Ohio rule, the flood of federal decisions began with an Ohio case (*Mapp* v. *Ohio* [1960], 367 U. S. 643).

Our courts now receive with open arms the confessed rapist; appoint him a lawyer; hear his case; grant him his remedy; turn him loose upon the streets, under certain circumstances where he has been denied the equal protection and due process of law.

Are these same courts to close their doors, without a hearing, upon the married woman who claims damages for loss of her right to achieve motherhood within the marriage relationship?

The conclusion is inescapable.

The equal protection of laws and the right to due process of law are not reserved to those accused of crime, but apply to all citizens in their civil actions.

The due process of law which now requires the state court to free the confessed killer, robber and rapist, where denied, cannot permit a state court rule requiring a law-abiding citizen to lose in state court because of the sole fact that she is a woman.

The Ohio rule that a husband may recover for the loss of the consortium of his wife caused by negligence, but that a wife may not recover for the loss of the consortium of her husband caused by negligence, constitutes discrimination which is so unjustifiable as to be violative of due process of law, contrary to the 14th Amendment to the United States Constitution.

*Demurrer overruled.*