CROWE, APPELLEE, v. BUMFORD ET AL., D. B. A. SAFETY CAB
Co., APPELLANTS.

(No. 1205—Decided March 20, 1968.)

*Mr. John L. Roof*, for appellee.
*Messrs. Wiedemann & Wiedemann*, for appellants.

YOUNGER, J. This appeal arises from a judgment of
the Common Pleas Court entered upon a verdict of a jury
in favor of the plaintiff in the amount of $23,500. The peti-
tion alleges that the wife of the plaintiff husband was in-
jured in a collision between an automobile driven by her
husband and a taxicab operated by an employee of the de-
fendants doing business as a partnership under the name
of Safety Cab Company. The petition in the first cause
of action alleges that the wife "suffered injuries to the back
which required and necessitated hospitalization, medical
treatments, drugs," etc, and, in the second cause of action,
alleges that his wife "has been unable to perform her
usual and customary duties as a wife and as a mother, in
and about his home, and that his consortium with her as
a wife has been damaged."

At the trial of the case plaintiff proved special dam-
ages by way of medical and hospital expenses in the amount
of $1,074.05. As to loss of services, the plaintiff testified

that previous to the accident his wife took care of the usual duties around the house, of cooking, of cleaning and of the children; that previous to the accident he had never heard her complain but that since the accident she had been hard to get along with, she was nervous and high strung; that since the accident he had to help her with the washing and running the sweeper; that the children had to take care of their bedrooms; that a daughter washed the dishes, and the wife testified that she has not been able to perform all of the services in the home; and that she had to put a lot of work on the children and that she couldn't do extra things like baking for the children. On cross-examination she testified that she does the cooking and takes care of the children as best she can; that her husband has to help her with the laundry; and that she drives the automobile when necessary but her husband now takes her to the grocery store most of the time, but that she goes by herself "once in awhile."

There is no proof in the record to show that the husband paid anything to anybody for the things the wife claims she is now unable to do about the house, and nothing in the record to show that any of such help as she did receive was not gratuitously performed by other members of the family. As a result there is nothing in the record from which the jury could determine or fix any amount of loss or damage to the husband as to loss of services. In *Curry v. Board of Commissioners of Franklin County*, 135 Ohio St. 435, the Supreme Court says:

"In discussing the plaintiff's claim for loss of services the Court of Appeals correctly observed that according to the evidence certain of the wife's customary duties were performed gratuitously by other members of the family, and that no recovery could be had therefor. * * *"

The only evidence as to loss of consortium is the following by the husband:

"Q. Mr. Crowe, you have stated in your petition that you have been damaged, loss of consortium. Do you know what that means? A. Yes sir, I do.

"Q. Tell the jury whether or not that is so? A. Yes, it is true.

"Q. To what extent?

"Mr. Wiedemann: Object.

"The Court: He may testify to the facts.

"A. Well, now prior to the accident she was a well woman.

"Mr. Wiedemann: Object.

"The Court: Overruled.

"Mr. Wiedemann: Exception.

"A. But after the accident you know a man and his wife we like to have relationship.

"Q. Has there been a change in that? A. Yes, sir, there has.

"Q. To what extent? A. She don't want nothing to do with me.

"Q. Does that mean nothing? A. Just when I force myself part of the time.

"Mr. Wiedemann: We move to strike the answer.

"The Court: Overruled.

"Mr. Wiedemann: Note my exception.

"Q. Now then you have visited your wife also when she was in the hospital different times? A. Yes, sir, I have.

"Q. Can you state not only when she was in the hospital but since she has been home and even up to the present time what you have observed of her as being different and her experiences in what she feels and prior to the accident? A. She is so nervous and high strung she just can't get out and enjoy herself like we use to do.

"Q. Did you use to go dancing? A. Yes, we did.

"Q. Have you since the accident? A. Once or twice. We tried dancing one time.

"Q. Where did you go? A. To my union hall where I work. Christmas parties.

"Q. Why is it you didn't dance? A. She can't move around like she used to.

"Q. Does she take anything that you know of? A. She takes pain tablets for nervousness.

"Q. Have you ever been with her when she got a prescription? A. Yes.

"Q. Over what period of time has this been continuing? A. Ever since the accident."

In the case of *Smith* v. *Nicholas Building Co.*, 93 Ohio St. 101, the Supreme Court held as follows:

"In the case at bar plaintiff avers that, by reason of the injuries complained of, her husband has become nervous, irritable, morose, fretful, excitable and ill-tempered, so that she is deprived of his society, companionship, conjugal affection, fellowship and assistance. She is complaining of an invasion of those rights which are associated with what has been designated the sentimental side of the marital relation and wholly unrelated to services. In none of the cases to which our attention has been called has it been held that the right for which plaintiff is contending here existed in the husband *unaccompanied by a claim for loss of services.* There is no reason then why the wife should be permitted to maintain an action *where the same right does not exist in the husband.* * * *" (Emphasis added.)

In the case of *Curry* v. *Board of Commissioners of Franklin County*, 135 Ohio St. 435, the Supreme Court tacitly approved, or found no objection to, the following instructions of the trial judge to the jury:

"In other words, the loss of services constitutes the gist of the action where the injury complained of is due to negligence. It is not injury associated with what has been designated the sentimental side of the marital relation and wholly unrelated to services that gives rise to the right of action. The damages are awarded not by way of solace to the husband for loss of affection, comfort, companionship and society incidental to the marital relation."

The court then added the following:

"It is to be presumed that the jury followed the trial court's instructions and that nothing was allowed for loss of consortium."

We, therefore, conclude that in the instant case, there being no evidence of any compensable loss of services upon the part of the husband, there can be no recovery for loss of consortium. The right to any recovery for loss of con-

212

sortium by the husband does not exist independently unless there can be recovery for loss of services; and the verdict of the jury was, therefore, excessive, and the trial court committed prejudicial error in overruling the defendant's motion for a new trial. The judgment of the trial court in overruling the motion for a new trial must, therefore, be reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed.*

GUERNSEY, P. J., and SMITH, J., concur.

SMITH, J., of the Sixth Appellate District, sitting by designation in the Third Appellate District.