LEFFLER, APPELLEE; ET AL., APPELLANT, *v.* WILEY ET AL., APPELLEES.

(No. 8933—Decided April 2, 1968.)

*Mr. Richard H. Slemmer,* for appellant.

*Messrs. Knepper, White, Richards & Miller, Mr. Louis E. Gerber* and *Mr. R. Douglas Wrightsel,* for defendants-appellees.

DUFFEY, P. J. This is an appeal from a judgment of the Common Pleas Court of Franklin County against the plaintiff-appellant, Patricia Y. Leffler, entered upon the sustaining of a demurrer.

The petition alleges that defendants-appellees negligently injured plaintiff-appellant's husband, and that she was thereby deprived of his services and consortium, and prays for judgment in the amount of $74,000. The trial court held that, although a husband can recover for the loss of his wife's services and consortium, yet a wife cannot recover for the loss of her husband's services and consortium. Plaintiff-appellant contends that the holding of the trial court deprives her of equal protection of the laws.

In *Smith* v. *Nicholas Building Co.* (1915), 93 Ohio St. 101, the syllabus states:

"A wife has no right of action against a person for the loss of the *consortium* of her husband caused by per-

sonal injuries sustained by him through the negligence of such person.''

Judge Newman wrote the opinion in *Smith*. He took the position that a wife has a duty to perform household or domestic duties, and that a husband has a legal right to her services in that regard. He went on to state that ''If the wife for any reason was unable to perform them the loss was the husband's, not hers, * * *.'' Judge Newman further contended that this loss of these services which ''belonged to the husband'' constituted the ''gist'' of the action for loss of consortium. He further stated that the husband could not recover for loss of companionship, conjugal affection, assistance, etc., ''unaccompanied by a claim for a loss of services.'' On the implicit premise that a husband has no duty to perform domestic services, the court concluded that the wife had no right to such services and thus could not bring suit for loss of consortium.

Later, in its opinion, the court suggested that an injured husband recovered full damages to him in his own action, and the wife and children are therefore ''indirectly benefited by such recovery.'' The court did not explain why a husband was not ''indirectly benefited'' by the wife's recovery of full damages to her so as to bar a husband's action for loss of her consortium.

Finally, the court suggested that the loss of a husband's society, companionship, conjugal affection, fellowship and assistance was ''not the natural result of the physical injury sustained by the husband,'' and therefore not proximately caused by the defendant's infliction of the injury. The court did not explain why the loss of the wife's society, etc., was a natural result of physical injury to the wife so as to permit his recovery but not hers.

Although the syllabus does not cover the question, the opinion in *Smith* considers loss of consortium to be incidental to loss of services rather than an independently recoverable item of damages. See *Crowe* v. *Bumford* (1968), 13 Ohio App. 2d 208. However, regardless of whether it be incidental or independent, the common law of Ohio

does recognize loss of consortium as an item of damages recoverable by a husband.

If a statute were to affirmatively create such a right in a husband and yet deny it to a wife, such a classification based on sex alone would violate Article I of the Constitution of Ohio and the Fourteenth Amendment to the Constitution of the United States. The common-law distinction between husband and wife in regard to consortium is equally based upon an unreasonable, discredited concept of the subservience of the wife to her husband. The courts should not perpetuate in the common law a discrimination that could not constitutionally be created by statute.

In our opinion, loss of consortium is an item of damage to a wife exactly to the same extent as to the husband. We hold that her legal rights to recover are equal to those of her husband. The demurrer should have been overruled.

The judgment of the Common Pleas Court will be reversed and the cause remanded for further proceedings.

*Judgment reversed.*

DUFFY and HERBERT, JJ., concur.