Elmer COPELAND and Ardell Copeland,
Plaintiffs,

v.

SMITH DAIRY PRODUCTS COMPANY
et al., Defendants.

Civ. A. No. C 67–910.

United States District Court
N. D. Ohio, E. D.

April 5, 1968.

Robert W. Lett, Ashland, Ohio, Richard T. Reminger, Cleveland, Ohio, for plaintiffs.

Robert C. Horrigan, Hauxhurst, Sharp, Mollison & Gallagher, Cleveland, Ohio, for defendants.

## MEMORANDUM

WILLIAM K. THOMAS, District Judge.

Defendants move to dismiss plaintiff Ardell Copeland's second cause of action. Growing out of an automobile accident of December 14, 1965 Elmer Copeland and Ardell Copeland have filed their complaint against defendants (Smith companies) and their truck driver, in which damages are claimed due to defendants' negligence. In the first cause of action plaintiff Elmer Copeland claims that he sustained personal injuries, including a permanent loss of a portion of his sexual capacity. In the second cause of action, while making no claim of personal injuries, plaintiff Ardell Copeland, his wife, asserts that:

> she has been deprived of the services, help, aid, assistance, and of the marital consortium of and with her said husband, Elmer Copeland, which, previous to December 14, 1965, he had done for and rendered to her.

Urging dismissal on the ground that the second cause of action does not state a claim, defendants state that under the law of Ohio the wife has no cause of action for the loss of her husband's services, aid, assistance, and consortium. Defendants say that the controlling law of Ohio is stated in the syllabus of Smith v. Nicholas Building Co., 93 Ohio St. 101, 112 N.E. 204, L.R.A.1916E (1915). This reads:

> A wife has no right of action against a person for the loss of the consortium of her husband caused by per-

sonal injuries sustained by him through the negligence of such person.

Plaintiffs urge that Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), while recognizing the preeminence of "the unwritten law of the state as declared by its highest court," makes an exception "where the Constitution, treaties, or statutes [of the United States] otherwise require or provide." It is contended that the plaintiff-wife has a constitutionally protected federal right to claim damages for loss of her husband's consortium caused by a tort-feasor's negligence. Entitled to equal protection of the laws under the fourteenth amendment the wife, it is argued, similarly should be permitted to recover for the loss of her husband's consortium when caused by a tort-feasor's negligence. Supporting this argument plaintiffs cite Clem v. Brown, 3 Ohio Misc. 167, 207 N.E.2d 398 (Paulding County C. P. 1965) and Umpleby v. Dorsey, 10 Ohio Misc. 288, 227 N.E.2d 274 (Stark County C. P. 1967). As Judge Hitchcock put it in Clem, supra, 3 Ohio Misc. at 173, 207 N.E.2d at 402:

> I must conclude that if negligent injury to the wife raises a cause of action in consortium to the husband, equal protection requires a similar cause of action to the wife for negligent injury to her husband.

The validity of this premise of Clem, supra, and Umpleby, supra, needs to be considered.

■ Underlying Smith v. Nicholas Building, supra, and Curry v. Board of Commissioners of Franklin County, 135 Ohio St. 435, 21 N.E.2d 341 (1939) is the point, recently reiterated in Crowe v. Bumford, 13 Ohio App.2d 208, 235 N.E. 2d 247 (Marion County 1968) that a husband has no right to recover for loss of his wife's consortium in a negligence action independent of a right of recovery for his wife's loss of services. Thus, in Crowe, supra, at 211, 235 N.E. 2d at 249 it was determined that "there being no evidence of any compensable loss of services upon the part of the husband, there can be no recovery for loss

of consortium." Since a husband in Ohio does not have an independent right of action for the loss of his wife's consortium, manifestly equal protection of the laws would not in any event require "a similar cause of action to the wife for negligent injury to her husband." Clem, supra, 3 Ohio Misc. at 173, 207 N.E.2d at 402.

Plaintiffs' complaint in the present action speaks of the wife's deprivation of the "services of her husband." A further question arises as to the legal sufficiency of this claim.

Both Clem, supra, and Umpleby, supra, speak only of a wife's claimed right of loss of her husband's consortium—not loss of his services. Indeed, Clem, supra, struck the word "services," noting that the "husband is suing for his own loss of earnings." Similarly, 28 Ohio Jur.2d Husband and Wife, § 142, at 267–68, makes it clear that the Ohio rule is that a wife:

> cannot recover for loss of his services, because the husband himself is entitled to recover full compensation for the impairment of his physical powers and faculties and for the diminution of his earning capacity and subsequent ability to support her.

■ The viability of this principle continues. The husband's right to claim loss of earnings and impairment of his earning capacity due to the negligence of another is not limited to his employment away from home. This right to damages also may reflect impairment of his physical ability to continue to mow the lawn, to replace a faucet washer, or to do other work about the home. As part of his damages he is entitled also to reimbursement for his own medical expenses. The "rights of man" would not be furthered if these claims of the husband were to be split off to give the wife the right to claim loss of her husband's services.

■ It may be that the time is at hand when Ohio should consider whether Ohio's Married Women's Act, Ohio Revised Code § 3103.05, freshly construed,

should eliminate or at least restrict the anachronism of the husband's right to claim loss of his wife's services. A wife is entitled to her earnings lost from job impairment negligently caused, when she works away from home. See Hrvatin v. Cleveland Ry. Co., 69 Ohio App. 499, 44 N.E.2d 283, syl. 1 (Cuy. County 1942). Should she not also be entitled to incorporate in her elements of damages monies she expended in hiring others to perform her domestic services, and for her medical expenses?

Whether apart from loss of services the Supreme Court of Ohio should reconsider its longstanding conclusion that there is no independent right for negligent interference with the marital relation (consortium), is a question for that court. Should it do so a constitutional claim of unequal protection of laws would only then arise should the right of interference with the marital function be accorded only to the husband, rather than jointly to the husband and wife as in Deems v. Western Maryland Ry. Co., 247 Md. 95, 231 A.2d 514 (1967). Deciding the federal question now presented it is determined that Ohio law as pronounced in Smith v. Nicholas Building Co., supra, does not offend the fourteenth amendment. This decision rather than *Clem,* supra, is still recognized as the law of Ohio, see Ganoe v. Stoner, Civ. No. 837 (Lake County Ct.App.), which states:

> The request on the part of the appellant, Doris Ann Ganoe, is that this Court determine that Smith v. Nicholas Building Company, 93 Ohio St. 101 [112 N.E. 204], is no longer the law of Ohio. In that case the court determined that: "A wife has no right of action against a person for the loss of the consortium of her husband caused by personal injuries sustained by him through the negligence of such person."

> This Court does not believe that a subordinate court should decide so important a policy matter. We must, on the authority of the above named case,

sustain the judgment of the trial court.

 This court must apply the law of the forum state in accordance with Erie R. Co. v. Tompkins, supra. This court, like the Lake County Court of Appeals, recognizes and follows the Ohio Supreme Court decision of Smith v. Nicholas Building Co., supra. Accordingly, the second cause of action, applicable only to plaintiff Ardell Copeland, is dismissed.