DURHAM, APPELLANT, *v.* GABRIEL ET AL., APPELLEES.

[Cite as Durham v. Grabriel, 16 Ohio App. 2d 51.]

(No. 906—Decided July 8, 1968.)

*Messrs. Weisman & Jeffries,* for appellant.
*Messrs. Donaldson & Colgrove,* for appellees.

O'NEILL, J. This is an appeal from a judgment of the Common Pleas Court of Lake County against the plaintiff, appellant herein, entered upon the sustaining of a demurrer.

As appellee has so specifically stated in his brief, the

sole question to be determined is: *"Whether or not the loss of services, companionship and consortium of the husband entitles a wife to recovery in the state of Ohio?"*

The law of Ohio has historically answered this question in the negative. The reasoning being that a wife has a duty to perform her household or domestic duties and that if she was unable to perform her husband suffered a loss. The courts further held that a husband could not recover simply for loss of consortium and companionship unless he could also claim a loss of services. In essence, the wife was legally placed in a position of servitude. Apparently, the only marital or familial duty imposed upon a husband was that of financial support.

"It is the duty of the husband to support the wife and minor children out of his property or by his labor. * * * The husband is entitled to full compensation for such loss and in the eyes of the law he is made whole. In such case the impairment of the physical powers and faculties of the husband is taken into consideration in the award of damages and he is, theoretically at least, fully reimbursed on account of such loss. The wife and the children are indirectly benefited by such recovery. * * *" *Smith* v. *Nicholas Bldg Co.*, 93 Ohio St. 101, pages 105-106.

It would appear from the foregoing that the conjugal consideration of the marriage contract is unilateral.

In the *Smith case*, the court further reasoned that the loss of a wife's conjugal society, companionship and association was a natural and foreseeable result and consequence of a negligent act but not so when the wife suffered such a loss. The foregoing conclusion was given no physical premise. The legal reasoning indulged was:

"* * * The loss of the husband's society, companionship, conjugal affection, fellowship and assistance is, we think, not the natural result of the physical injury sustained by the husband. * * *" *Smith* v. *Nicholas Bldg. Co.*, 93 Ohio St. 101, page 107.

It would seem that this should be an evidentiary question rather than a conclusion. It is universally held that a tortfeasor must respond only for those losses and in-

juries which are the direct and proximate result of his negligent act.

"* * * A frequent definition of the proximate cause of a result is that cause which in a natural and continued sequence contributes to produce the result, and without which it would not have happened. * * *" 39 Ohio Jurisprudence 2d 528, Negligence, Section 27.

The proximate cause and attendant result are always open to question and proof. As a part of such proof, the plaintiff must prove that the injury complained of was not only a natural and probable consequence of the negligent act but also a foreseeable consequence. Perhaps, this was one of the issues that bothered the court in the *Smith case*. Since all victims of tortious acts are not married, can loss of consortium be a foreseeable consequence?

"* * * It is sufficient that his [the tortfeasor's] act, in the light of all the surrounding circumstances, was likely to result in injury to some one. * * *" 39 Ohio Jurisprudence 2d 535, 536, Negligence, Section 31.

It should not be essential to recovery to require the injured party to prove specifically that the tortfeasor singled out his victim and specifically foresaw the injury.

"* * * This view is analogous to the principle that the negligence of a defendant is determined according to the probability of *some* injury to someone rather than the likelihood of the occurrence of the particular injury which did in fact result. * * *" (Emphasis ours.) 38 American Jurisprudence 713, 714, Negligence, Section 62.

Once again, the foreseeability of possible loss of consortium should be an evidentiary issue. The injured party should be allowed to prove that her loss is a natural, although not a necessary and inevitable, result of the negligence.

The contention of the *Smith case* that loss of consortium is and must be incidental to loss of services has very recently been rebutted in an opinion in the Tenth District Court of Appeals of Ohio. That court, in rendering its decision in the case of *Leffler* v. *Wiley*, 15 Ohio App. 2d 67, stated:

"Although the syllabus does not cover the question, the opinion in *Smith* considers loss of consortium to be incidental to loss of services rather than an independently recoverable item of damages. See *Crowe* v. *Bumford* (1968), 13 Ohio App. 2d 208. However, regardless of whether it be incidental or independent, the common law of Ohio does recognize loss of consortium as an item of damages recoverable by a husband.

"If a statute were to affirmatively create such a right in a husband and yet deny it to a wife, such a classification based on sex alone would violate Article I of the Constitution of Ohio and the Fourteenth Amendment to the Constitution of the United States. The common-law distinction between husband and wife in regard to consortium is equally based upon an unreasonable, discredited concept of the subserviance of the wife to her husband. The courts should not perpetuate in the common law a discrimination that could not constitutionally be created by statute."

In summary, loss of consortium is an item of damages available to the wife upon the same basis as it is available to the husband.

The judgment of the Common Pleas Court is reversed, and this cause is remanded for further proceedings.

*Judgment reversed.*

JONES, P. J., and TROOP, J., concur.

TROOP, J., of the Tenth Appellate District, sitting by designation in the Seventh Appellate District.