WILLIAMS ET AL., APPELLEES, *v.* WARD, APPELLANT.

[Cite as Williams v. Ward, 18 Ohio App. 2d 37.]

(No. 817—Decided April 9, 1969.)

*Mr. Thomas J. Murray, Jr.,* for appellees.
*Mr. Raymond N. Watts,* for appellant.

BROWN, P. J. This is an appeal on questions of law by defendant, appellant herein, from a jury verdict for $7,000 in favor of the plaintiffs, $5,000 of which was awarded to the plaintiff Penny Williams for her personal injuries, and $2,000 of which was awarded to her husband, the plaintiff Richard Williams, as a result of a collision injuring the plaintiff Penny Williams only, for which the defendant, Ward, was held liable by reason of his negligence. The defendant, Ward, drove out of a private driveway into the left side of the car operated by the plaintiff Penny Williams on the highway.

Of the $2,000 damage verdict awarded to the plaintiff Richard Williams, the sum of $1,250 represented loss of consortium of his wife, the plaintiff Penny Williams.

The most arguable error presented by the defendant concerns the submission by the trial court of the issue of the husband's loss of his wife's consortium to the jury in the general instructions, and that the verdict of the husband, to the extent it represents loss by the husband of his wife's consortium, is excessive and contrary to law.

There was no evidence that the husband, Richard Williams, paid any money to replace any services usually rendered by his wife following her injuries. There was some evidence that Mrs. Williams could not perform her household duties as effectively and completely after the accident and prior to trial as she did before the accident.

This presents the following legal question. In the absence of any loss of services of the wife, for which the husband had to pay a sum or sums to third persons to replace, may the husband recover damages for loss of consortium which includes elements of consortium independent and apart from services of the wife?

Defendant contends no reviewing court in Ohio has permitted a husband to recover for loss of consortium of his wife independent of a loss of her services involving a monetary loss. For this proposition defendant relies upon the cases of *Smith* v. *Nicholas Building Co.*, 93 Ohio St. 101, L. R. A. 1916E 700, Ann. Cas. 1918D 206; *Curry* v. *Board of Commissioners of Franklin County*, 135 Ohio St. 435; and *Crowe* v. *Bumford*, 13 Ohio App. 2d 208.

Careful analysis demonstrates that neither the *Smith* nor *Curry cases, supra,* stand for that proposition.

In *Smith* v. *Nicholas Building Co., supra* (93 Ohio St. 101), in the syllabus, the law of the case is stated, as follows:

"A wife has no right of action against a person for the loss of the *consortium* of her *husband* caused by personal injuries sustained by him through the negligence of such person." (Emphasis added in part.)

In *Smith, supra,* it is apparent that the case did not

even involve the legal issue whether a husband could recover for loss of his wife's consortium, which is the legal issue in the case at bar. *Smith, supra,* decided *only* that a *wife* could not maintain an action for loss of her husband's consortium, nothing more nor less. Any expression in the opinion of *Smith, supra,* at page 103 *et seq.* thereof, that a *husband* cannot recover for loss of his wife's consortium unaccompanied by a loss of services is pure obiter dicta and need not be followed by any court in Ohio.[1]

In *Curry* v. *Board of Commissioners, supra* (135 Ohio St. 435), there was no syllabus, but the *per curiam* opinion of the court reveals that the plaintiff made a claim only for the loss of his wife's services, and not any claim for the loss of her consortium generally in addition to the loss of services. Further, it is evident that the Ohio Supreme Court concluded that the question of a husband's loss of his wife's consortium was not before the court, and that only a claim by a husband for loss of his wife's *services* was involved, and the court inquiry was limited to such issue, as disclosed from an excerpt in the opinion, on page 436, as follows:

"* * * However, a careful study of the record in this case discloses that this question [meaning the question of loss of consortium of his wife] was in fact not before the Court of Appeals inasmuch as the trial court did not charge the jury that an allowance could be made for this item. On the contrary, the phrase 'loss of services' appears eight times in the charge, while the word 'consortium' is not

---

[1]The syllabus of a case decided by the Ohio Supreme Court constitutes the official opinion of that court. Matter outside the syllabus is not regarded as a decision. *Perkins* v. *Benquet Consolidated Mining Co.*, 342 U. S. 437, 96 L. Ed. 485, 72 S. Ct. 413; *Haas* v. *State*, 103 Ohio St. 1, 17 A. L. R. 1164; 14 Ohio Jurisprudence 2d 682, Section 247. The syllabus controls the opinion of individual judges. Where the opinion of the Ohio Supreme Court contains statements not necessary to reach the actual decision and is not part of the syllabus, it is *obiter dicta,* and is not binding on the Court of Appeals. *Huntington National Bank* v. *Fulton,* 19 Ohio Law Abs. 610; *Rosenberger* v. *L'Archer,* 30 Ohio Law Abs. 552; 14 Ohio Jurisprudence 2d 684, Sections 248, 249.

mentioned; and in one of his statements the trial court said, 'In other words, the loss of services constitutes the gist of the action where the injury complained of is due to negligence. It is not injury associated with what has been designated the sentimental side of the marital relation and wholly unrelated to services that gives rise to the right of action. * * * ' "

Thus, *Curry, supra,* does not consider nor determine the broader issue of a husband's right to recover for his loss of his wife's consortium, but is limited to the narrower legal issue of the husband's right to recover for his loss of his wife's services. Any expression by the court in its opinion concerning the broader issue of loss of consortium, which was not in issue, is also pure obiter dicta[2] and not binding upon the courts for the reasons expressed in footnote 1 of this opinion.

Thus, the only two Ohio Supreme Court cases which can be arguably urged as supporting the foregoing contention of the defendant on the consortium question are distinguishable and not controlling.

Defendant also relies on the recent case of *Crowe* v. *Bumford* (1968), 13 Ohio App. 2d 208, for the foregoing proposition. Defendant correctly observes that the *Crowe case, supra,* as indicated from its syllabus, supports the defendant's proposition. It holds that a husband's right to

---

[2]A syllabus of the points decided by the Ohio Supreme Court, or its *per curiam* opinion, which represents the law of the case, must be confined to the points of law arising from the *facts of the cause, Thackery* v. *Helfrich,* 123 Ohio St. 334, at 336 thereof; 122 Ohio St. lxvii, Rule VI of the Rules of Practice of the Ohio Supreme Court; *State, ex rel. Sweeney,* v. *Michell,* 46 Ohio App. 59, at 65 (decision of the question contained in the syllabus was clearly incidental to a decision of the validity of the contract in dispute in this case). *Stare decisis* does not attach to such parts of an opinion which are mere dicta. 20 American Jurisprudence 2d 526 *et seq.,* Sections 190, 193. Stated another way, a judicial opinion expressed on a point not necessarily raised and not involved in the case constitutes dictum and is not a binding precedent within the rule of *stare decisis. Lincoln* v. *Steffensmeyer,* 134 Neb. 613, 279 N. W. 272, 119 A. L. R. 914; 109 A. L. R. 805; 20 American Jurisprudence 2d 526, Section 190; 21 Corpus Juris Secundum 309, Section 190 a.

recover for loss of consortium does not exist independently of his right to recover for loss of her services, and no recovery can be had where the wife's customary duties have been performed gratuitously by other members of the family.

However, in *Crowe, supra,* it should be observed that the court in reaching its decision and in adopting the legal propositions stated above, in essence used as its basis and for its reasoning in reaching that result only two Ohio cases, namely, *Smith* v. *Nicholas Building Co., supra* (93 Ohio St. 101), and *Curry* v. *Board of Commissioners, supra* (135 Ohio St. 435), which we have already analyzed previously in this opinion. By reason of the analysis already made herein, that the law of the case in *Smith* and *Curry, supra,* does not stand for the legal proposition stated in *Crowe* v. *Bumford, supra,* and for the further reason that the *Crowe case* does not represent a fair and just appraisal and evaluation of the significance and importance of the marital relationship and its consequences and is not in accord with the great weight of authority in the United States, we reject the decision and legal propositions stated in *Crowe, supra.*

Judicial progress, for the litigants affected, is at least as important as jobs for progress. Consortium is not a dirty word in Ohio. This sagacious, profound truth we should herald and share in the wonderful world of Ohio.

We find support in this approach, rejecting *Crowe, supra,* in two recent, well-reasoned Ohio appellate decisions involving the related legal issue of the wife's right to recover for the loss of her husband's consortium, namely, *Leffler* v. *Wiley* (1968), 15 Ohio App. 2d 67, and *Durham* v. *Gabriel* (1968), 16 Ohio App. 2d 51. The *Leffler case, supra* (pages 68 and 69 in the opinion), rebuts the contention in the *Smith case, supra,* that loss of consortium must be incidental to loss of services and, also, concludes that the common law of Ohio recognizes loss of consortium as an item of damages recoverable by a husband. The *Durham case, supra,* criticizes the reasoning in the *Smith case, supra,* and calls attention to the obiter dicta in

*Smith, supra,* as has been previously discussed in this present opinion in the case at bar, and proceeds to commend, and properly so, the decision and reasoning in *Leffler* v. *Wiley, supra.*

Instead of reading into the *Smith* and *Curry cases, supra,* a legal issue and a legal proposition which are not there, we should follow the well-reasoned and enlightened trend and weight of authority in the United States. The proper proposition of law is simply stated. The wife owes a duty to her husband of consortium which, in general, means conjugal society and assistance, and the common law recognizes the right of a husband to maintain an action against anyone who tortiously impairs the ability of the wife to perform her duty and deprives the husband of his right to such conjugal society and assistance. This right of consortium includes the husband's right to the wife's services, aid, comfort, society and companionship. *Cook* v. *Atlantic Coast Line Rd. Co.,* 196 S. C. 230, 13 S. E. 2d 1, 133 A. L. R. 1144, at page 242 in the opinion; annotation in 133 A. L. R. 1157, citing precedent from eleven states; 1 Harper and James, The Law of Torts, 635, Section 8.9 (term "consortium" at common law includes three elements—service, society and sexual intercourse); Prosser on Torts, 2d. Ed., 698-699, Section 104 (consortium extended to cover damage for deprivation of society, fellowship and affectionate relations of the wife); *Hitaffer* v. *Argonne Co., Inc.,* 183 F. 2d 811, paragraph three of the headnotes; 27 American Jursprudence 105, Section 505; 41 Corpus Juris Secundum 890, 897, Sections 401 a and c (3).

Finally, we should consider the mischief which would result if we approved a rule, as in the *Crowe case, supra,* which permitted a husband to recover for loss of his wife's consortium *only* where he proved as part of such loss a loss of his wife's services requiring his expenditure of funds to replace such services. Under such a rule the husband would be properly counseled, and would act accordingly, to have the laundry done once by a commercial laundry, where his wife has difficulty performing this task; and,

thereupon, the husband could recover a substantial sum for all the other elements of consortium. This illogical solution makes a game of the law and of the judicial process and should not be tolerated nor made a barnacle upon the seaworthy vessel of law which is the embodiment of logic and reason.[3]

The defendant also urges that the verdict of $5,000 in favor of the wife for her personal injuries is excessive and contrary to the weight of the evidence. There is ample medical evidence to demonstrate at least intermittent pain and suffering and regular medical treatment for the sixteen-month period from the date of the accident until the date of trial, and evidence of some future disability. The modest verdict for the wife is consistent with such evidence, and the amount thereof was for the jury to determine.

Accordingly, all the assignments of error are without merit, and the judgment of the Common Pleas Court on the verdict for both plaintiffs is affirmed.[4]

*Judgment affirmed.*

STRAUB and POTTER, JJ., concur.

---

[3]The law should harmonize with the following wise and prudent view: "We think it is more important to focus on the realities of today than to live in the unrealities of past days." Excerpt from a recent speech of the brilliant United States Senator, Charles Percy of Illinois.

[4]The well-phrased and correct jury instruction given by the trial judge was as follows: " 'Consortium' is defined as the rights of a husband to the conjugal fellowship and relations with his wife, to her company, cooperation and assistance in the marital relationship as a partner in the family unit. You may consider the impaired ability of his wife to perform her usual services in the care of the home and in the education and rearing of the children as well as his loss of her society, companionship and comfort, taking into account the length of time of such loss and the reasonably certain duration of any impaired ability in the future."