247 So.2d 40 (1971)
Hilda I. GATES, Petitioner,
v.
Harry Edwin FOLEY, Jr., Respondent.
No. 39694.
Supreme Court of Florida.
April 7, 1971.
*41 C.R. McDonald, Jr., Philip G. Nourse, Fort Pierce, and Robert Orseck, of Podhurst, Orseck & Parks, Miami, for petitioner.
John R. Beranek, of Jones, Paine & Foster, West Palm Beach, for respondent.
ADKINS, Justice.
This cause is here on petition for writ of certiorari supported by certificate of the District Court of Appeal, Fourth District, that the decision reported on 233 So.2d 190 (Fla.App. 4th, 1970) is one which involves a question of great public interest. See Fla. Const., art. V, § 4(2), F.S.A.; F.A.R. 4.5(c) (6), 32 F.S.A. We accept jurisdiction.
Plaintiff, Hilda I. Gates, sued the Defendant, alleging that the Defendant negligently operated his automobile causing a collision with an automobile operated by the husband of Plaintiff. It is further alleged that as a result of the accident Plaintiff's husband was rendered totally disabled and the Plaintiff claimed damages for "the loss of consortium and other services from her said husband."
In other words, a wife is suing for damages for loss of consortium as a result of injuries to her husband proximately caused by the negligence of the Defendant which rendered the husband totally disabled.
A motion to dismiss the complaint was granted on the ground that it failed to state a cause of action. Plaintiff appealed from the final judgment of dismissal. The District Court of Appeal affirmed the judgment.
At common law the wife could not maintain such an action. In 1950 the United States District Court of Appeal for the District of Columbia decided Hitaffer v. Argonne Company, 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, cert. den. 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624 in which the Court updated the common law of the District of Columbia by acknowledging *42 a cause of action in the wife for loss of consortium.
This Court, in Ripley v. Ewell, 61 So.2d 420 (Fla. 1952), rejected the reasoning in the Hitaffer case and followed the common law doctrine.
In Wilson v. Redding, 145 So.2d 252 (Fla.App.2d, 1962), the District Court of Appeal, Second District, followed Ripley v. Ewell, supra, and refused to allow the wife to sue for loss of consortium.
Since Hitaffer v. Argonne Company, supra, a flood of authorities in other jurisdictions have overturned the common law rule and, on various grounds, allowed the wife to recover for loss of consortium.[1]
Moreover, the overwhelming legal literature favors the position that the wife should have such a cause of action where the husband does.[2]
*43 We are asked to overrule Ripley v. Ewell, supra, as well as Wilson v. Redding, supra, and follow the trend which has been definitely in the direction of approving the wife's cause of action for harm to the marriage relation resulting from negligent injury to her husband. See Prosser on Torts, (3rd Ed.) § 119, p. 918.
It should be specifically noted that the suit is for "loss of consortium" and not loss of support or earnings which the husband might recover in his own right. We are only concerned with loss of consortium, by which is meant, the companionship and fellowship of husband and wife and the right of each to the company, cooperation and aid of the other in every conjugal relation. Consortium means much more than mere sexual relation and consists, also, of that affection, solace, comfort, companionship, conjugal life, fellowship, society and assistance so necessary to a successful marriage. Lithgow v. Hamilton, 69 So.2d 776 (Fla. 1954).
As discussed in Ripley v. Ewell, supra, Fla. Stat. § 2.01, F.S.A., adopts the common law of England. The Court recognized the principle that if the inability of the wife to recover in a case of this kind is due to some reason of the common law which has disappeared, the rule denying her the right to maintain the action may have disappeared with it. This principle is a part of the common law which was adopted by the Florida Statute.
The law is not static. It must keep pace with changes in our society, for the doctrine of stare decisis is not an iron mold which can never be changed. Holmes, in his The Common Law (1881), p. 5, recognizes this in the following language:
"The customs, beliefs, or needs of a primitive time establish a rule or a formula. In the course of centuries the customs, belief, or necessity disappear, but the rule remains. The reason which gave rise to the rule has been forgotten, and ingenious minds set themselves to inquire how it is to be accounted for. Some ground of policy is thought of, which seems to explain it and to reconcile it with the present state of things; and then the rule adapts itself to the new reasons which have been found for it, and centers on a new career. The old form receives a new content, and in time even the form modifies itself to fit the meaning which it has received."
It may be argued that any change in this rule should come from the Legislature. No recitation of authority is needed to indicate that this Court has not been backward in overturning unsound precedent in the area of tort law. Legislative action could, of course, be taken, but we abdicate our own function, in a field peculiarly nonstatutory, when we refuse to reconsider an old and unsatisfactory court-made rule.
Waller v. First Savings & Trust Company, 103 Fla. 1025, 138 So. 780 (1931), was an action to recover damages for a tort, but the tort-feasor died before the commencement of the action. The common law rule that an action for personal injuries was abated upon the death of the tort-feasor was regarded as inconsistent with the laws of this State. The Court held that rules of old English common law, if contrary to Florida customs, institutions, *44 or intendments of constitutional and statutory provisions, are not part of the Florida common law.
Banfield v. Addington, 104 Fla. 661, 140 So. 893 (1932), was a suit for injuries to a customer in a beauty shop operated by a married woman. The only torts for which the wife could be sued at common law, a judgment rendered against her, and jointly with her husband, were torts unmixed with any element of contract, or, in other words, her pure torts. The Court held that the reason for this rule had failed, so the rule itself failed. The customer was allowed to sue the married woman.
This Court further recognized this general principle in Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla. 1957), when we receded from our previously announced rule which immunized a municipal corporation against liability for torts committed by police officers. Also, in Georgia Southern & Florida Ry. Co. v. Seven-Up Bott. Co., 175 So.2d 39 (Fla. 1965), we held that a comparative negligence statute permitting apportionment of negligence in railroad accident cases, though valid when enacted, had become a discriminatory and burdensome exercise of the police power because of changed condition.
The recent changes in the legal and societal status of women in our society forces us to recognize a change in the doctrine with which this opinion is concerned. The Florida Constitution (1968) contained the following significant clauses:
"All natural persons are equal before the law." Article 1, Section 2.
"No person shall be deprived of life, liberty or property without due process of law." Article 1, Section 9.
"The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay." Article 1, Section 21.
"There shall be no distinction between married women and married men in the holding, control, disposition, or encumbering of their property, both real and personal." Article 10, Section 5.
Prior to the 1968 revision, the Florida Constitution always contained a provision that all men are equal before the law (Fla. Const., Declaration of Rights, § 1 (1885)); and that every person could have a remedy for injury done him by due course of law (Fla. Const., Declaration of Rights § 4 (1885)).
The Florida Legislature has enacted the married woman's property act (Fla. Stat., Ch. 708, F.S.A.), and the United States Congress has passed the Civil Rights Act (U.S.C.A. Title 42, Ch. 21). Discrimination on the basis of sex has been proscribed by the United States Congress. U.S. Code Title 42, § 2000e et seq.
So it is that the unity concept of marriage has in a large part given way to the partner concept whereby a married woman stands as an equal to her husband in the eyes of the law. By giving the wife a separate equal existence, the law created a new interest in the wife which should not be left unprotected by the courts. Medieval concepts which have no justification in our present society should be rejected. We therefore hold that deprivation to the wife of the husband's companionship, affection and sexual relation (or consortium, as above defined) constitutes a real injury to the marital relationship and one which should be compensable at law if due to the negligence of another.
A husband, of course, has a cause of action for loss of consortium of his wife when she suffers personal injury through the negligence of another, Busby v. Winn & Lovett Miami, Inc., 80 So.2d 675 (Fla. 1955). No reasonable suggestion can be offered any longer to explain the disparity in the spouses' relative rights to secure damages for loss of consortium. No reasonable distinctions may be made between the wife's claim for negligent impairment of consortium and a similar claim by her husband. As consortium is defined above, the *45 interests of the husband and wife are the same and it necessarily follows that negligent impairment of those interests by an outsider ought to have the same legal consequences.
In Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968), the Supreme Court held that the Louisiana Wrongful Death statute violated the equal protection clause when it authorized an action to be brought by the legitimate child for the wrongful death of his mother, but, as construed by the Louisiana courts, did not permit such an action to be brought by the illegitimate child.
In Karczewski v. Baltimore & Ohio Railroad Company, 274 F. Supp. 169 (Ill. 1967), a Federal District Court held that an Indiana law allowing the husband to recover for loss of consortium for negligent injury to his wife but not allowing the wife to sue for loss of consortium because of negligent injury to her husband, violated the equal protection clause of the Fourteenth Amendment to the United States Constitution because such classification by sex had no justification and discriminated unreasonably and arbitrarily against women. See also Montgomery v. Stephan, 359 Mich. 33, 101 N.W.2d 227 (1960).
The intangible segments of the elements comprising a cause of action for loss of consortium are equally precious to both husband and wife. The classification by sex formerly made by this Court discriminates unreasonably and arbitrarily against women and must be abolished. We recede from Riley v. Ewell, supra.
There are practical difficulties in allowing a consortium action, especially with respect to retrospective application. The problem has not troubled other courts seriously and may be easily resolved. Where there is a cause of action brought by the injured husband pending, the wife's consortium action, if not time barred, may be joined with her husband's claim, or, if separate suit has been filed, consolidated for the purpose of trial. The Defendant has the right to request joinder of the wife as a proper party to an action brought by her husband, if she has not filed suit in her own behalf. Where the husband's cause of action has been terminated by adverse judgment on the merits, this should bar the wife's cause of action for consortium.
The rule that we now recognize is that the wife of a husband injured as a proximate result of the negligence of another shall have a right of action against that same person for her loss of consortium. We further hold that her right of action is a derivative right and she may recover only if her husband has a cause of action against the same defendant. This means that the tort-feasor was negligent and the husband was free from contributory negligence.
In such actions by the wife, the trial court should carefully caution the jury that any loss to the wife of her husband's material support is fully compensated by any award to him for impairment of his lost earning and that the wife is entitled to recover only for loss of consortium as defined in this opinion.
The decision of the District Court of Appeal is quashed and the cause is remanded to that court with instructions to further remand same to the trial court for further proceedings not inconsistent with this opinion.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, BOYD and DEKLE, JJ., and SPECTOR, District Court Judge, concur.
NOTES
[1] Arkansas: Missouri Pac. Transp. Co. v. Miller, 227 Ark. 351, 299 S.W.2d 41 (1957).

Delaware: Stenta v. Leblang, 5 Storey 181, 55 Del. 181, 185 A.2d 759 (1962).
Georgia: Bailey v. Wilson, Ga. App. 1959, 100 Ga. App. 405, 111 S.E.2d 106; Brown v. Geo.-Tenn. Coaches, Inc., 88 Ga. App. 519, 77 S.E.2d 24 (1953).
Idaho: Nichols v. Sonneman, 91 Idaho 199, 418 P.2d 562 (1966).
Illinois: Dini v. Naiditch, 20 Ill.2d 406, 170 N.E.2d 881, 86 A.L.R.2d 1184 (1960); Karczewski v. Balt. & Ore. R. Co., N.D.Ill. 1967, 274 F. Supp. 169 (Constitutional Law).
Indiana: Troue v. Marker, Inc., 1969, 252 N.E.2d 800.
Iowa: Acuff v. Schmit, 1956, 248 Iowa 272, 78 N.W.2d 480.
Kentucky: Kotsiris v. Ling, Ky. 1970, 451 S.W.2d 411 (decided February 20, 1970).
Maryland: Deems v. Western Md. R. Co., 1967, 247 Md. 95, 231 A.2d 514 (Constitutional Law).
Michigan: Montgomery v. Stephan, 1960, 359 Mich. 33, 101 N.W.2d 227; Owen v. Ill. Baking Corp., D.Mich. 1966, 260 F. Supp. 820 (Constitutional Law); Sove v. Smith, 6 Cir.1966, 355 F.2d 264.
Minnesota: Thill v. Modern Erecting Co., Minn. 1969, 284 Minn. 508, 170 N.W.2d 865.
Mississippi: Delta Chevrolet Company v. Waid, 211 Miss. 256, 51 So.2d 443 (1951).
Missouri: Shepherd v. Consumers Coop Ass'n., Mo. 1964, 384 S.W.2d 635; Novak v. Kansas City Tr., Mo. 1963, 365 S.W.2d 539; Manley v. Horton, Mo. 1967, 414 S.W.2d 254.
Montana: Duffy v. Lipsman-Fulkerson & Co., D.Mont. 1961, 200 F. Supp. 71; Dutton v. Hightower & Lubrecht Construction Co., 214 F. Supp. 298 (D.Mont. 1963).
Nebraska: Cooney v. Moomaw, D.Neb., 1953, 109 F. Supp. 448; Luther v. Maple, 8 Cir.1958, 250 F.2d 916, 922 (Neb.law); Guyton v. Solomon Dehydrating Co., 8 Cir.1962, 302 F.2d 283.
New Jersey: Ekalo v. Constructive Serv. Corp. of America, 46 N.J. 82, 215 A.2d 1 (1965).
New York: Millington v. Southeastern Elevator Co., 1968, 22 N.Y.2d 498, 293 N.Y.S.2d 305, 239 N.E.2d 897.
Ohio: Clem v. Brown, 1965, 3 Ohio Misc. 167, 207 N.E.2d 398, 32 Ohio Op.2d 477 (1965) (Constitutional Law); Leffler v. Wiley, 15 Ohio App.2d 67, 239 N.E.2d 235; Umpleby v. Dorsey, Ohio Com. Pl. 1967, 10 Ohio Misc. 288, 227 N.E.2d 274 (Constitutional Law); Clouston v. Remlinger Oldsmobile Cadillae, Inc., 22 Ohio St.2d 65, 258 N.E.2d 230 (1970).
Oregon: Ross v. Cuthbert, 239 Or. 429, 397 P.2d 529 (1964); Ellis v. Fallert, 209 Or. 406, 307 P.2d 283.
Pennsylvania: Hayes v. Swenson, 14 Pa.Dist. & Co.R.2d 708.
Rhode Island: Mariani v. Nanni, 95 R.I. 153, 185 A.2d 119 (1962).
South Dakota: Hoekstra v. Helgeland, 78 S.D. 82, 98 N.W.2d 669 (1959).
Texas: Page v. Scaramozi, Tex. App. 1956, 288 S.W.2d 909; Manning v. Jones, 8 Cir.1965, 349 F.2d 992.
Wisconsin: Moran v. Quality Aluminum Casting Co., 34 Wis.2d 542, 150 N.W.2d 137 (1967); Fitzgerald v. Meissner & Hicks, Inc., 38 Wis.2d 571, 157 N.W.2d 595 (1968).
Washington, D.C.: Rollins v. D.C., D.C. Cir.1959, 265 F.2d 347; and see, for exhaustive discussion of cases, authorities, and reasoning, Vol. 32, Journal of the American Trial Lawyers Association, 265-276.
[2] 1 Harper & James, Torts, § 8.9, p. 641-643 (1956); Prosser, Torts 916-19 (3rd ed. 1964); Holbrook, The Change in the Meaning of Consortium, 22 Mich.L.Rev. 1 (1923); Lippman, The Breakdown of Consortium, 30 Colum.L.Rev. 651, 664-68 (1930); Simone, The Wife's Action for Loss of Consortium  Progress or No?, 4 St. Louis U.L.J. 424 (1957); Kinaird, Right of Wife to Sue for Loss of Consortium Due to Negligent Injury to Her Husband, 35 Ky.L.J. 220, 223 (1946); Foster, Relational Interests of the Family, 1962, U.Ill.L.F. 493, 525-27 (1962); Note, Judicial Treatment of Negligent Invasion of Consortium, 61 Colum.L.Rev. 1341, 1352-57 (1961); Friedman, Consortium as an "Interest" in the Law of Torts, 32 Can.B.Rev. 1065 (1954); Brett, Consortium and Servitium, A History and Some Proposals (Pts. 1-3, 29 Austl.L.J. 321, 389, 428 (1955); 64 Harv.L.Rev. 672 (1951); 39 Cornell L.Q. 761 (1954); 39 Mich.L.Rev. 820 (1941); 55 Mich.L.Rev. 721 (1957); 1 U.C.L.A.L.Rev. 223 (1954); 20 Fordham L.Rev. 342 (1951); 41 Geo.L.J. 443 (1953); 86 A.L.R.2d 1184 (1960); 23 A.L.R.2d 1366 (1950).