Roberts et al., Appellants, v. The State of Ohio et al., Appellees.*

[Cite as Roberts v. State (1978), 57 Ohio App. 2d 77.]

(No. 77AP-701—Decided February 23, 1978.)

Messrs. Topper, Alloway, Goodman, Deleone & Duffey and Mr. Joel H. Mirman, for appellants.

Mr. William J. Brown, attorney general, and Mr. Thomas E. Turk, for appellee, the state of Ohio.

Wiles, Doucher, Tressler & Van Buren Co., L. P. A., for appellee Steven Rohner.

Whiteside, J. Plaintiffs appeal from a judgment of the Court of Claims dismissing their complaint and raise three assignments of error, as follows:

1. "The trial court erred in holding that the consortium claim was a claim for recovery of damages for injury to property caused by tortious conduct within the

*Reporter's Note: A motion to certify the record was overruled by the Supreme Court of Ohio, June 30, 1978.

meaning of §2743.16(A) Revised Code; and in dismissing that claim in the complaint.''

2. ''The trial court erred in failing to hold that plaintiffs-appellants had not established 'good cause' to be relieved from the consequences of failure to file within the special statutory period for claims arising from events occurring prior to the effective date of Chapter 2743 Revised Code.''

3. "In the alternative to assignment of error No. 2, the trial court erred by applying erroneous standards in its determination of 'good cause'; and in failing to consider all the circumstances; and in prejudicially excluding relevant evidence.''

On January 8, 1976, plaintiffs filed their complaint in the Court of Claims, together with an application for permission to file a written notice of intention to file the action.

The complaint alleges that, on or about November 11, 1974, plaintiff Ashford Wayne Roberts, while operating his motor vehicle, was injured in a collision with a motor vehicle being negligently operated by an Ohio State Highway Patrolman acting within the course of his employment. The complaint alleges that plaintiff Ashford Roberts sustained personal injury as a result of the accident. The complaint further alleges that plaintiff Shirley Roberts as a proximate result of the negligence of the state's employee has suffered a loss of her husband's consortium. The state employee who was allegedly negligent was joined as a party to the action in the Court of Claims.

Rather than an answer, the state and its agencies brought a motion to dismiss the complaint because it was not filed within 180 days after the accrual of the cause of action. The trial court sustained this motion, without an evidentiary hearing, and, upon prior appeal to this court in case No. 76AP-280, by a decision rendered August 5, 1976, this court reversed the trial court's judgment and remanded the case for further proceedings.

The Court of Claims thereafter conducted an evidentiary hearing and again rendered a judgment dismissing plaintiff's complaint upon essentially the same grounds as

previously. Plaintiffs now appeal from this second dismissal of their action.

The Court of Claims found that the claim of plaintiff Shirley Roberts involves property rights and, accordingly, constitutes a claim for an injury to property within the contemplation of R. C. 2743.16(A). By the first assignment of error, plaintiff Shirley Roberts contends that the Court of Claims erred in this regard. R. C. 2743.16(A) provides, as follows:

"Civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code must be commenced within two years of the time of accrual of the cause of the action, except that civil actions to recover damages for injury to property or for personal injury caused by tortious conduct shall be commenced within one hundred eighty days of the time of accrual of the cause of action and civil actions for damages for wrongful death caused by tortious conduct shall be commenced within one hundred eighty days after the appointment of executor or administrator for the decedent, unless the claimant files in the court of claims within the respective one hundred eighty day period a written notice of intention to file a civil action, in which case any civil action must be commenced within two years of the time of accrual of the cause of action. * * *"

Defendants, relying upon some cases from other jurisdictions, contend that the right of consortium is a property right, and, therefore, an action for an injury to such right is an action for injury to property. It is succinctly stated in 41 American Jurisprudence 2d 28, Husband and Wife, Section 13: "Rights of consortium are property rights * * *."

There is, however, no Ohio authority adopting this view. In a broad context, rights are loosely categorized as being either property rights or personal rights. The Ohio Supreme Court has rejected contentions that an action for loss of consortium falls within the two-year statute of limitations of R. C. 2305.10, providing such limitation for actions for bodily injury or injuring personal property. *Dean* v. *Angelas* (1970), 24 Ohio St. 2d 99; and *Kraut* v.

*Cleveland Ry. Co.* (1936), 132 Ohio St. 125. See also *Corpman* v. *Boyer* (1960), 171 Ohio St. 233. None of these cases, however, specifically categorizes the right of consortium as being either a property right or a personal right. There is some indication in *Kraut* that an injury to the right of consortium might be considered a personal injury by references to cases from other states so holding, and by reference to *Smith* v. *Buck* (1928), 119 Ohio St. 101, holding that personal injury is a more extensive term than bodily injury and encompasses injuries in addition to those to the physical body of a person. In *Clouston* v. *Remlinger Oldsmobile Cadillac, Inc.* (1970), 22 Ohio St. 2d 65, consortium is defined in the third paragraph of the syllabus, as follows:

"Consortium consists of society, services, sexual relations and conjugal affection which includes companionship, comfort, love and solace."

Although *Clouston* establishes that a wife has a right of action for loss of her husband's consortium against a person who either intentionally or negligently injures him, the nature of the right was not clearly delineated.

On the other hand, in *McDowell* v. *Hannefeld* (1950), 87 Ohio App. 407, it was held that an action for alienation of affections is one for an injury to a personal right and constitutes a claim for personal injury. Since an action for alienation of affections is one for wrongful interference with the right of consortium, it would seem that the nature of the injury would not change merely because of the nature of the wrong. Perhaps the categorization of consortium as a property right arises from some authority limiting such right of action to those instances where there has been a loss of services, which theory was rejected in *Clouston, supra,* overruling *Smith* v. *Nicholas Building Co.* (1915), 93 Ohio St. 101, which had held to the contrary.

It is unnecessary in this case to determine whether the right of consortium, in Ohio, constitutes a personal right or a property right. R. C. 2743.16(A) places actions "for injury to property or for personal injury caused by tortious conduct" in the same class and subject to the same requirements. As indicated, personal injury is a

broader term than bodily injury and is not limited to physical injuries to the body. Accordingly, it would appear to be the legislative intent of R. C. 2743.16(A) to include actions for loss of consortium within the requirement that the action be commenced within 180 days of the accrual of the cause of action unless within that time a written notice of intention to file the action is filed. Accordingly, even if the trial court erred in categorizing the right of consortium as a property right, there was no prejudicial error, inasmuch as the limiation applies in any event. Accordingly, the first assignment of error is not well taken.

By the second assignment of error, plaintiffs contend that the trial court abused its discretion and acted contrary to the mandate of this court upon the prior appeal in holding that plaintiffs had not established good cause to allow them to file their action within two years of the accrual thereof, even though they had not filed a notice of intention within 180 days. In this regard, R. C. 2743.16(D) specifically provides that:

"Upon good cause shown, and upon a showing that the state or its appropriate agents had knowledge of the essential facts constituting the civil action prior to the expiration of the one-hundred-eighty-day period, the court may permit a claimant, who has failed to timely file a written notice of intention, to file his action within two years of accrual of the cause of action."

There may be some question as to the proper method of application of R. C. 2743.16(A) to this case, inasmuch as the cause of action herein arose prior to the effective date of the statute establishing the Court of Claims and waiving the immunity of the state.

Within a month after the occurrence, plaintiffs retained an attorney to represent them. The attorney contacted the State Highway Patrol and was referred by a captain of the Patrol to the Reliance Insurance Company as "our carrier." In fact, the insurance provided coverage only for the state employee, and not for the state itself. The attorney continued to represent plaintiffs until sometime prior to the filing of the complaint herein when they retained their present counsel

The original attorney continued his investigation and

negotiations with the insurance company throughout most of 1975 and learned of the policy limits only late in 1975. Apparently, at some point in time, perhaps after the filing of this action, some type of settlement was reached whereby the insurance company paid the policy limits. No issue has been raised herein as to whether or not that settlement would preclude further recovery from the state.

The trial court in its decision made the following finding:

"In the instant case, it is clear that both Plaintiffs and Plaintiffs' former attorney were ignorant of the statute of limitations prescribed by R. C. 2743.16, and that the inactivity and lack of diligence of Plaintiffs' former counsel was due to his ignorance of the applicable time limitation for the instant injury. Thus, the late filing of the instant claim was due to plaintiffs' and their former counsel's ignorance of the appropriate time limitations. This court believes that the above case law states the proper rule and, under R. C. 2743.16(D), concludes that the stated reasons for the untimely filing of Plaintiffs' complaint do not constitute 'good cause.'

"As counsel for Mr. and Mrs. Roberts, Mr. Fadel failed in his responsibility to be aware of developing law. Further, Mr. Fadel did not diligently attempt to obtain the Reliance insurance policy to learn of its limitations, nor did he research the applicable Court of Claims law in which he may have had limited experience. Active research of the law is required in all branches of the profession, especially in an area in which counsel has limited experience. The record of this case indicates that labor law was Mr. Fadel's primary area of involvement, and that the Robertses knew of that fact."

Unfortunately, the case law referred to by the trial court had little bearing upon the issue of good cause, it being case law indicating that a client is bound by the neglect of his attorney and what constitutes such neglect.

There is no question that the failure of a more timely filing resulted from the neglect of plaintiffs' former counsel and that they are bound by that neglect, which this court held to be the case upon the prior appeal, reversing

the trial court's judgment which was erroneously predicated upon a finding that neglect of one's counsel can never amount to good cause. It appears from the totality of the trial court's decision that it once again predicated its determination upon this erroneous legal basis. We held upon the prior appeal that the issue is whether or not the neglect of the attorney is excusable under the circumstances, and, if so, it constitutes good cause within the contemplation of R. C. 2743.16(D).

We are here dealing with a new statute which took effect after the cause of action arose and during the time that plaintiffs' former counsel was representing them. As stated by Judge McCormac in *Steele* v. *State of Ohio*, unreported, Tenth Appellate District, No. 77AP-261, decided June 9, 1977:

"In determining good cause, the Court of Claims should take into consideration the newness and uniqueness of the statute of limitations in the Court of Claims which reduces the time for filing a complaint or a written notice of intention to file a claim in a personal injury or wrongful death action to six months, rather than the two years otherwise provided by law. * * *"

The factual findings of the Court of Claims were essentially those alleged by plaintiffs and considered by this court upon the prior appeal, wherein we found to the effect that such allegations if proved would constitute good cause for allowing the filing of the complaint herein within the two-year limitation period of R. C. 2743.16, rather than the 180-day period also prescribed thereby, but with exceptions where good cause exists. The evidence demonstrates that the state had full knowledge of the claim within the 180-day period, leaving only the question of good cause for determination.

From the totality of the record herein, we can only conclude that the trial court abused its discretion in denying plaintiffs the right to file their complaint within the two-year limitation, which was inconsistent with the holding of this court upon the prior appeal.

This does not mean that ignorance by the attorney of the applicable law is always good cause; however, new-

ness of the law is a factor to be considered. In this case, the law was both unique and new. Although the attorney's failure to learn of the new law constitutes neglect, it is understandable and excusable, especially in light of the sometimes delayed availability of research tools with respect to newly enacted laws. This is not a case where plaintiffs or their former attorney ignored the legal requirements imposed upon them but, rather, one where they proceeded in good faith, ignorant of the fact that an additional burden had been imposed upon them by R. C. 2743.16 (A) in order to avail themselves of the two-year statute of limitations prescribed thereby. Accordingly, the second assignment of error is well taken.

By the third assignment of error, plaintiffs contend that the trial court prejudicially excluded certain evidence. The evidence in question constituted primarily evidence as to the nature and extent of the injuries offered to show the probability of a judgment in excess of collateral source payments. Although in determining good cause for a late filing, the trial court may well require the plaintiffs to demonstrate that they have a justiciable claim against the state, we find no prejudicial error to plaintiffs in the exclusion of such evidence by the trial court upon an objection by defendants. Plaintiffs specifically made the third assignment of error alternative to the second assignment of error, and, accordingly, we find the third assignment of error not to be well taken, inasmuch as we have sustained the second assignment of error.

For the foregoing reasons, the first and third assignments of error are overruled, and the second assignment of error is sustained; the judgment of the Court of Claims is reversed, and this cause is remanded to that court with instructions to grant plaintiffs' application for permission to file their complaint within the two-year statute of limitations, notwithstanding their failure to file a notice of intention within 180 days, and for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and cause remanded.*

HOLMES, P. J., and REILLY, J., concur.