LAXTON ET AL. *v.*
CINCINNATI BELL, INC.

(No. 87CV0106—Decided December 17, 1987.)

Court of Common Pleas of Clermont County.

*Ronald T. Bella,* for plaintiffs.
*Randolph H. Freking,* for defendant.

RINGLAND, J. This matter came before the court on oral argument based upon the motion for summary judgment filed by defendant. Both defendant and plaintiffs were repre-

sented through their counsel and entered into oral argument on October 29, 1987. The court has reviewed the affidavits, deposition, and applicable case law cited and presented to this court.

Defendant's first ground for summary judgment is that plaintiffs' action is barred by R.C. 4121.80(A), which imposes a one-year statute of limitations on such actions. The court notes that the above section did not become effective until August 22, 1986. Further, according to the evidence presented under Civ. R. 56 for purposes of this motion, the injury occurred on February 9, 1985. * * *■

The last issue which defendant raises in its motion for summary judgment is that of the claim for consortium. Defendant cites case law indicating that consortium is not compensable under this cause of action.

Plaintiffs, on the other hand, cite to language by the Supreme Court of Ohio that loss of spousal consortium is an unavailable remedy under the workers' compensation system and, thus, is available to individuals so injured by intentional tortious conduct of third parties. *Blankenship* v. *Cincinnati Milacron Chemicals* (1982), 69 Ohio St. 2d 608, 614-615, 23 O.O. 3d 504, 508, 433 N.E. 2d 572, 577, and fn. 12, which cites *State, ex rel. Crawford,* v. *Indus. Comm.* (1924), 110 Ohio St. 271, 275, 143 N.E. 574, 575.

The court finds that although the specific *Blankenship* language is *dicta,* the principles it expresses are sound: that a spouse has a common-law action for loss of consortium based upon injuries to the other spouse inflicted by the intentional tortious conduct of an employer.

In *Clouston* v. *Remlinger Oldsmobile, Cadillac, Inc.* (1970), 22 Ohio St. 2d 65, 51 O.O. 2d 96, 258 N.E. 2d 230, the Supreme Court of Ohio recognized that a husband and wife have equal rights which receive equal protection of law, and that a wife has a cause of action for damages for the loss of the consortium of her husband against the tortfeasor who negligently injured her husband and thereby deprived her of the consortium of her husband.

The *Clouston* court quoted the first paragraph of the syllabus of *Flandermeyer* v. *Cooper* (1912), 85 Ohio St. 327, 98 N.E. 102, to the effect that " '[h]usband and wife are entitled to the affection, society, cooperation and aid of each other in every conjugal relation, and either may maintain an action for damages against any one who wrongfully and maliciously interferes with the marital relationship and thereby deprives one of the * * * consortium of the other.' " *Clouston, supra,* at 67-68, 51 O.O. 2d at 98, 258 N.E. 2d at 231. *Clouston* recognized that "under the common law the husband had an action against the person who *intentionally* interfered with the marital relation for the loss of consortium of his wife. And, likewise, under the common law the husband could bring an action against the person who *negligently* injured his wife for the loss of the consortium of his wife, including loss of services." (Emphasis *sic.*) *Clouston, supra,* at 69, 51 O.O. 2d at 99, 258 N.E. 2d at 232. *Clouston,* most importantly, articulated the clear principles applicable herein: "Since 1878 the wife has been entitled to maintain a separate action for damages against anyone who *intentionally* injures her husband and thereby deprives the wife of the consortium of her husband. *Westlake* v. *Westlake* (187[9]), 34 Ohio St. 621 * * *." (Emphasis *sic.*) *Clous-*

*ton, supra,* at 69, 51 O.O. 2d at 99, 258 N.E. 2d at 232.

The *Westlake* court in 1879 pronounced: "* * * If, at common law, the husband could maintain an action for the loss of the *consortium* of the wife, I can see no reason why, under our law, the wife can not maintain an action for the loss of the *consortium* of the husband. * * *'' (Emphasis *sic.*) *Id.* at 633.

This court finds no reason to deprive a spouse of the common-law right to sue an intentional tortfeasor for loss of consortium where the law allows her husband to maintain an action based upon an alleged intentional tort outside the workers' compensation system. While, to be sure, the workers' compensation system formerly was held to cover all injuries suffered by workers' dependents and spouses due to a work-related injury, it no longer is so held since *Blankenship.* Thus, summary judgment for defendant on this point would be inappropriate.

*Motion denied.*