I concur in all but the disposition of the third assignment of error relating to plaintiff's wife's award of damages because plaintiff did not give any evidence to support his wife's claim for loss of consortium.
"The `gist' of the wife's action for loss of the consortium of her husband against a defendant who either intentionally or negligently causes injury to her husband is the direct hurt which she has suffered by reason of the loss of her husband's society, services, sexual relations and conjugal affection which includes companionship, comfort, love and solace." Clouston v. Remlinger Oldsmobile Cadillac, Inc. (1970),22 Ohio St.2d 65, 72.
Plaintiff's wife did not present any evidence at trial because her pregnancy required her to be on bedrest. The evidence provided by plaintiff fell far short of that necessary to prove a consortium claim. Plaintiff could only respond in the affirmative when asked if "this incident affected your relationship with your wife." He went on to say that his wife "puts up with me when I do have pain, and I'm probably not the most desirable person to be around when I am in a lot of pain." He said that he cannot perform the "intimate" things he used to do. When asked if his wife had been patient with him, plaintiff responded, "Yes, she's been very good."
This evidence does nothing more than establish how the injury affected plaintiff, not how plaintiff's injury affected his wife. The trier of fact needed evidence showing the wife's loss of her husband's society, services, sexual relations and conjugal affection. Plaintiff's testimony proved none of this. As the majority correctly states, a consortium claim is an independent claim for relief, requiring independent evidence. Absent testimony to show how plaintiff's injury affected his wife, I would find the court erred by permitting the jury to consider the consortium claim.